# JOHNSON BECKER PLLC

33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
T (800) 279-6386  F (612) 436-1801
johnsonbecker.com

August 30, 2012

**VIA FEDERAL EXPRESS**

Magistrate Judge Viktor V. Pohorelsky
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In Re: Propecia (Finasteride) Product Liability Litigation, MDL No. 2331*
*Eastern District of New York File No. 1:12-md-02331-JG-VVP*

Dear Magistrate Judge Pohorelsky:

I write on behalf of Plaintiffs and Defense Counsel in the above captioned matter. Enclosed for your review, please find the Parties Proposed Protective Order. The only issue that remains relates to Paragraph 5(c). Pursuant to the Proposed PPO No. 3 (Revised) filed on August 20, 2012, the Parties intend to submit simultaneous briefs on the issue for the Court's review today and the parties will be prepared to address the issue at the September 6, 2012 Status Conference. Additionally, the Parties intend to submit a Proposed Agenda prior to the Status Conference. Should you have any questions, please do not hesitate to contact us.

Very Truly Yours,

JOHNSON BECKER, PLLC

Timothy J. Becker, Esq.
tbecker@johnsonbecker.com
Toll Free:    800-279-6386
Direct Dial:  612-436-1804

TJB/hslr
Enclosure
cc:   Charles F. Morrow, Esq.
      Plaintiff's Executive Committee

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| IN RE: PROPECIA (FINASTERIDE) PRODUCTS LIABILITY LITIGATION | Master File No.: 1:12-md-02331-JG-VVP |
|---|---|
| | MDL No. 2331 |
| This Document Relates to All Cases | Hon. Judge John Gleeson |

<u>**STIPULATION AND ORDER REGARDING
CONFIDENTIAL INFORMATION**</u>

Upon the Stipulation of the parties, and for good cause shown, the Court issues the following Confidentiality Order:

WHEREAS, certain documents and information may be sought, produced, or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' confidential and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c); and,

WHEREAS, the parties will provide a significant amount of discovery materials in this Action and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

1. **Discovery Material.** This Order applies to all documents, the information contained therein, and all other information produced or disclosed in connection with any case filed in this Action or the New Jersey State Court Consolidation (collectively referred to as "the Actions," whether revealed in a document, in deposition, trial or other testimony, in discovery

responses, or otherwise ("discovery material") by any party in this litigation (the "producing party") to any other party or parties (the "receiving party").

2.  **Designation and Use of Discovery Material.** This Order shall govern the designation and handling of trade secrets or other confidential research, development, or commercial information contained in discovery material that the producing party believes in good faith is properly subject to protection from disclosure by Fed. R. Civ. P. 26(c)(7) or otherwise subject to protection by law. Any person, including third parties not named in this action, who is required to produce documents or information in discovery in this case may designate material produced as "Confidential Information" pursuant to this Order. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a producing party for purposes of this Order.

3.  **Use of Confidential Information.**

    (a)  With the exception of documents or information that has become publicly available without a breach of the terms of this Order, all documents, information or other discovery material produced or discovered in the Actions that have been designated by the defendants as Confidential Information shall be used solely for the prosecution or defense of the Actions and shall not be used in connection with any other matter or for any other purpose. The Court expressly notes the parties intend to present issues related to state-federal cooperation in a future order.

    (b)  With the exception of documents or information that have become or do become publicly available without a breach of the terms of this Order, all documents, information or other discovery material produced or discovered in this action that have been

designated by plaintiffs as Confidential Information shall be used solely for the purpose of preparation and trial of the cases included in the Actions.

4. **Rights Unaffected.** The terms of this Order shall in no way affect the right of any person to withhold information on alleged grounds (a) of immunity from discovery; or (b) that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ, P. 26(c)(7).

5. **Designation of Documents as Confidential Information.**

(a) For the purposes of this Order, the term "document" means any and all written, electronic and digital records of any kind, translations, and transcriptions, including correspondence, notes, lists, memoranda, contracts, agreements, accounts, minutes, e-mails, summaries, pamphlets, brochures, books, photographs, audio recordings, video recordings, teletypes, telefaxes, graphic representations, computer printouts, database records, and computer data, files and/or other electronically maintained or transmitted information.

(b) All documents or categories of documents that the producing party believes in good faith contain Confidential Information shall be marked by the producing party with the legend "Confidential" in a size and location that makes the designation readily apparent.

*Plaintiffs' Position Paragraph 5(c):* Confidential documents that are produced in this MDL pursuant to a valid Document Request, Deposition Notice, or subpoena shall be produced in their entirety with no internal redaction with the exception of information that is covered by the attorney-client privilege, work product doctrine or other applicable federal law (e.g., HIPAA).

*Defendants' Position Paragraph 5(c): None. Defendants object to Plaintiffs' proposed Paragraph 5(c).*

6. **Non-Disclosure of Confidential Information.** Confidential Information, including any copy, portion, excerpt, synopsis, summary, analysis, digest, translation, transcription, video or audio or other derivation thereof, shall be used only in accordance with paragraph 3 above and shall not be disclosed in any way to any person(s) except:

    (a)    The receiving party;

    (b)    Any counsel of record in the Actions and all counsel retained by a party in the Actions, any lawyer specifically employed by such counsel, any secretary, paralegal, law clerk or employee assisting such counsel, to the extent considered reasonably necessary to render professional services in connection with the prosecution or defense of the Actions, and any professional services vendor including, but not limited to, document storage vendors, private court reporting services, trial consultants and trial support service vendors;

    (c)    Designated in-house counsel for Merck, including clerical, secretarial and other staff working directly for in-house counsel in the legal department;

    (d)    Court officials involved in the Action, including court reporters and video recording equipment operators at depositions, trial, conferences, hearings and arguments;

    (e)    Any expert or consultant who is expressly retained by or on behalf of any party to provide assistance or testimony with respect to this Action;

    (f)    Any witness who testifies during a deposition, hearing or trial;

    (g)    Any person who has knowledge of the subject matter to which the document relates including document authors, custodians, recipients (including those designated

as "To," "CC", "BCC", "Copy" or similar) and may be noticed or designated to appear as deponent or witness in this Action;

   (h) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

   (i) Any physician who was a treater, and to whom there is a litigation need to disclose Confidential Information; and

   (j) Any other person, with the written consent of the producing party.

  7. **Permissible Disclosure.** With respect to Confidential Information, including any copy, portion, synopsis, summary, analysis, or digest thereof, each person, other than the Court and the individuals identified in paragraphs 6, shall be provided a copy of this Order. In addition, the individuals identified in paragraph 6 shall execute an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A. Counsel for the receiving party shall retain executed Agreements to Maintain Confidentiality in his or her file at least until this lawsuit has been concluded and all Confidential Information has been returned and/or destroyed pursuant to paragraph 18 below. Any person to whom Confidential Information is disclosed by the receiving party or by any person who obtains such Confidential Information from the receiving party shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.

  8. **Competitors and Third Party Subpoenas.**

   (a) Before disclosing Confidential Information to any person listed in paragraphs 6(e) through (f) who is known to be a competitor (or an employee of a competitor of the party that so designated the discovery material), the party wishing to make such disclosure shall provide such person a copy of this Order, require the person to sign Exhibit "A" to this

Order and on or before the commencement of testimony provide a copy of the executed Exhibit "A" to the producing party. Additionally, the non-disclosing party reserves the right to move to quash the deposition of such person, and upon such motion, the deposition will be suspended until resolution of the motion. As used in this paragraph, the term "Competitor" means any company other than Defendants that is marketing or has in development any finasteride product, or a consultant who is currently consulting with a company that is marketing or has in development any finasteride product. This includes, but is not limited to, current directors, officers, employees, consultants, independent contractors and counsel for said company.

(b) In the event a receiving party receives a subpoena (or similarly document) compelling the production of Confidential documents, the receiving party shall notify the producing party within seven (7) days of receiving the subpoena (or similar document). Any effort to quash the subpoena shall fall solely to the party producing the Confidential documents. In the event the producing party opts not to object within the time frame identified by the subpoena (or similar document) the receiving party shall be entitled to produce the documents.

9. **Declassification.**

(a) Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

(b) In the event that the non-producing party disagrees with the producing party's designation of any document or information as confidential under this Protective Order, the non-producing party shall advise counsel for the producing party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the parties shall confer to determine whether the producing party will change the designation of the document or item. If the dispute cannot be

resolved between the parties, then the producing party shall file a motion for a protective order with the Court within twenty (20) days of the parties' conference regarding the designation. If the producing party opts not to file a motion to preserve the "Confidential" designation within twenty (20) days of the meet and confer, then the document or item shall be treated as a "Non-Confidential" document. In the event the producing party opts to file a motion to preserve the Confidential designation, during the pendency of such motion the designated document or item shall continue to be treated as "Confidential Information" subject to the provision of this Order.

10. **Non-Termination.** Documents or other items designated as Confidential Information shall retain that designation and remain subject to the terms of this Order until such time, if ever: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by Fed. R. Civ. P. 26(c)(7) or otherwise; (b) a Declassification Event occurs with respect to such document or information as defined in Paragraph 9(b) above; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

11. **No Waiver of Rights or Implication of Discoverability.** This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party, and nothing contained herein shall it affect the right of any party to seek additional protection against the disclosure of any materials. Nothing contained in this Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything in this Order imply that any Confidential Information is properly discoverable, relevant, or admissible in this action. Nothing contained in this Order shall be deemed to restrict in any manner each party's use of its own Confidential Information. Nothing in this Order shall

be construed as an agreement to either enlarge or restrict the scope of protection afforded by Fed. R. Civ. P. 26(c)(7).

12. **Inadvertent Disclosures.**

(a) The inadvertent production by any party, whether in this Action or in any other proceedings, of a document subject to the claim of attorney-client privilege, work product, or other statutory or court-ordered confidentiality shall not result in a waiver of any of the foregoing protections in this Action for the produced document or for any other privileged or immune documents containing the same or similar subject matter. Furthermore, irrespective of what may have already occurred or what may occur in the future in productions made during other proceedings, the fact of an inadvertent production by any party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or court-ordered confidentiality has been waived in such other proceedings.

If any party should inadvertently produce a document, upon notice of such from the producing party, the receiving party shall promptly return the discovery material and delete any electronic versions, including all originals and copies thereof, as well as any notes or other work product reflecting the contents of such material in its possession within fourteen (14) days, and make no use of the information contained in the discovery material. The party returning such discovery material shall have the right to apply to the Court for an Order that such discovery material is not protected from disclosure by any privilege, but may not assert as a ground for such application the fact or circumstances of the inadvertent production, unless the inadvertent production amounts to a waiver or neglect by the producing party. In the event the assertion of privilege encompasses only a portion of the document, within ten (10) days of receiving the

returned document, the producing party shall produce a new copy of the document with the attorney-client communication or work product text redacted.

Subject to the provisions set forth in paragraph 12(b), the failure to return all copies of any inadvertently produced privileged document precludes its use for purposes of this Action or any other purpose, and precludes the receiving party from challenging the propriety of the designation of privilege.

(b) In the event the receiving party opts to challenge the producing party's designation or claim of inadvertent production, the receiving party may submit a copy of the challenged document(s) to the Court for its review. The document shall be treated as Confidential and filed under seal.

(c) In the event the producing party or other person inadvertently fails to designate discovery material as Confidential Information, it may make such a designation subsequently by notifying all persons and parties to whom such discovery material were produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as Confidential Information, subject to their right to dispute such designation in accordance with paragraph 9.

13. **Depositions.** Information disclosed at any deposition taken in connection with this Action may be designated by any party as Confidential Information in accordance with the procedures set forth herein. All testimony provided at deposition shall be considered Confidential Information for a set period of time as set forth herein. In order to maintain the Confidential Information status of such testimony, a party must notify all other parties and the court reporter in writing within forty-five (45) days of receipt of the final transcript at the

conclusion of the witness' testimony of the specific pages and lines of the transcript that shall be treated as Confidential Information. Only the portions of the transcript that are so designated within the forty-five (45) day period shall be treated as Confidential Information. In addition, if reference is made to any Confidential Information during the course of a deposition, the parties may designate those portions of the transcript as Confidential Information as well. Said portions of the transcript that include references to any of the Confidential Information shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order, however nothing in this provision shall prevent a party from using the document in connection with a court filing, provided the document is supplied to the Court in a manner consistent with this Order and filed under seal. Confidential documents introduced during a deposition shall be bound in a separate volume marked: "Confidential Documents Contained Herein – Subject to Protective Order."

14. **Confidential Information Produced in Electronic Form.**

(a) This order will also govern the use and distribution of Confidential Electronic Information.

(b) The designation of the storage medium containing "May Contain Confidential Electronic Information Subject to Protective Order" shall serve to designate each of the files on the medium that contain confidential information.

(c) The producing party shall stamp all Confidential documents as directed by this Order, and the receiving party or any other person authorized to review confidential documents pursuant to Paragraph 6 shall print the document with the Confidentiality designation. As the Parties expect certain types of Confidential Information to be produced in native format, the electronic storage medium containing such files shall be marked "May Contain Confidential

Electronic Information Subject to Protective Order", and that designation shall apply to all files contained therein. To the extent that information stored or recorded in the form of electronic or magnetic media is produced in such form, the Producing Party may designate such information as Confidential Information by cover letter generally referring to such information.

(d) The receiving party shall undertake reasonable efforts to prevent Confidential Electronic Information from being stored in a computer to which individuals not authorized under this Order to view Confidential Information have access. The receiving party shall also take reasonable steps to ensure that printouts and copies of Confidential Electronic Information maintained by the receiving party, and not disseminated to permissible parties, are kept in a manner that will prevent unauthorized users from viewing the printouts or copies.

15. **Confidential Information in Court Filings.** The parties will follow the applicable local rule on Filing Documents Under Seal.

16. **Confidential Information Offered as Evidence at Trial.** This Order does not restrict or limit the use of Confidential Information at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Information at a hearing or trial.

17. **Notice of Disclosure.** Nothing in this Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after affording notice and an opportunity to be heard to all affected parties, orders such disclosure. In the event that any Confidential Information, or any copy, portion, synopsis, summary, analysis or digest thereof is required by law to be disclosed by order, subpoena or otherwise, the party required to disclose such Confidential Information will notify the producing party within 10 days so that the producing party may seek a protective order or other appropriate

remedy or, in the producing party's sole discretion, waive compliance with certain terms of this Order. In the event that no protective order or other remedy is obtained, or that the producing party waives compliance, only that portion of Confidential Information that is legally required to be disclosed shall be furnished and all reasonable efforts will be exercised to obtain reliable assurance that confidential treatment will be accorded to the Confidential Information so disclosed.

18. **Return of Confidential Information.**

(a) Within 45 days after the conclusion of any attorney's last case in this Action by dismissal, stipulation, or final order or judgment, or any appeal therefrom, all Confidential Information received by whomever in paper or other tangible form, including all copies and summaries or compilations thereof shall be returned to the producing party or destroyed and all electronic versions of such Confidential Information (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within 45 days. Counsel for the receiving party shall promptly notify all persons listed in paragraphs 6 above to whom Confidential Information has been provided and/or disclosed that this lawsuit has been concluded and instruct them to return or destroy all Confidential Information in paper or other tangible form and destroy all electronic versions of Confidential Information within 45 days to the extent required by this paragraph. Counsel for the receiving party shall certify in writing compliance with the requirements of this paragraph within 45 days of the conclusion of this lawsuit. If any persons listed in paragraphs 6 above to whom Confidential Information has been provided and/or disclosed cease to be involved in this litigation or otherwise complete the purpose for which they were provided Confidential Information prior to the conclusion of this litigation, counsel for the

receiving party shall promptly instruct them to return all Confidential Information in paper or other tangible form and destroy all electronic versions of the Confidential Information.

(b) Nothing in the Order shall require the receiving party to destroy or supply to the producing party any work product prepared in connection with this Action or required to be maintained by the receiving party's errors and omission carrier, even if the material includes Confidential Information, documents or things.

19. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

20. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, access to, and distribution of Confidential Information, including abstracts and summaries thereof. In the event of a change in counsel, withdrawing counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign this Order.

21. **Improper Disclosure of Confidential Information.** Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the producing party to such sanctions and remedies as the Court may deem appropriate.

IT IS SO ORDERED.

_____
U.S. District Judge

# EXHIBIT A

## Confidential Only Designation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: PROPECIA (FINASTERIDE) PRODUCTS LIABILITY LITIGATION | Master File No.: 1:12-md-02331-JG-VVP<br><br>MDL No. 2331 |
| This Document Relates to All Cases | Hon. Judge John Gleeson |

1. I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof and agree to be bound by it.

2. I will not utilize any confidential document or information subject to the Protective Order for any purpose other than as allowed under the terms of the Protective Order. I further affirm that I will not reveal the protected documents or information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

3. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order, and I understand that the court may impose sanctions on me for any violation of the Protective Order.

4. At the termination of this litigation, I will return or destroy all documents marked "CONFIDENTIAL" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing

confidential materials to me unless entitled by a term within the Protective Order to retain a copy of the document(s) or thing.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number